GRIMES, Acting Chief Judge.
This appeal concerns an action commenced under the authority of section 194.-036(l)(c), Florida Statutes (1983):
194.036 Appeals. — Appeals of the decisions of the board shall be as follows:
(1) If the property appraiser disagrees with the decision of the board, he may appeal the decision to the circuit court if one or more of the following criteria are met:

(c) There is an assertion by the property appraiser to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rules by the property appraisal adjustment board in its decisions. The property appraiser shall notify the department of those portions of the tax roll for which the assertion is made. The department shall thereupon notify the clerk of the board who shall, within 15 days of the notification by the department, send the written decisions of the board to the department. Within 30 days of the receipt of the decisions by the department, the department shall notify the property appraiser of its decision relative to further judicial proceedings. If the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the property appraisal adjustment board for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding. However, when a final judicial decision is *835 rendered as a result of an appeal filed pursuant to this paragraph which alters or changes an assessment of a parcel of property of any taxpayer not a party to such procedure, such taxpayer shall have 60 days from the date of the final judicial decision to file an action to contest such altered or changed assessment pursuant to s. 194.171(1), and the provisions of s. 194.171(2) shall not bar such action.
The Pinellas County property appraiser became aggrieved by the actions of the County Property Appraisal Adjustment Board in reducing the 1983 assessed value of five golf courses. Pursuant to the statute, he complained to the Department of Revenue. The department notified the property appraiser that such actions on the part of the board constituted a consistent and continuous violation of the intent of the law. Thereupon, the property appraiser filed suit requesting the court to enjoin the board from continuing violations and to enter a mandatory injunction to restore on the 1983 tax roll the assessed values of the golf courses as determined by the property appraiser.
Following the filing of the board’s answer, the property appraiser moved for summary judgment. In the course of argument at the hearing, the court was advised that the tax collector was taking the position that he had no authority to collect additional 1983 taxes even if the board’s actions were declared illegal. Thereafter, the court, sua sponte, dismissed the complaint on the rationale that an adjudication on the merits would constitute nothing more than an advisory opinion. The property appraiser filed a motion for reconsideration in which he argued that if the court ruled that the board’s action was illegal, the tax collector could be required to collect the back taxes. The court denied the motion for reconsideration.
We have not been advised why the tax collector could not collect the additional 1983 taxes if the original appraisals are reestablished. However, this issue is not before us and is actually beside the point. The property appraiser has scrupulously followed the statute in the filing of his complaint. He is entitled to a ruling with respect to the propriety of the board’s actions concerning the reduction in assessments of the five golf courses. Significantly, in addition to trying to reestablish his 1983 appraisals, the property appraiser also seeks, in the words of the statute, “injunc-tive relief to prohibit continuation of the violation of the law or administrative rules.” Therefore, even if the tax collector could not collect additional 1983 taxes, the outcome of the lawsuit could affect tax assessments in ensuing years.
We reverse the order of dismissal and remand the case for a determination on the merits.
OTT and DANAHY, JJ., concur.